765 F.2d 147
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALVIS CLEO WRENN, PLAINTIFF-APPELLANT,
v.
GEORGE WILSON AND DEWEY SOWDER, INDIVIDUALLY AND IN THEIR
RESPECTIVE CAPACITIES; AND MEDICAL DEPARTMENT OF
NORTHPOINT TRAINING CENTER HEAD NURSE
MARILYN DENNY, DEFENDANTS-APPELLEES.
 NO. 85-5083
 United States Court of Appeals, Sixth Circuit.
 5/7/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; MARTIN, Circuit Judge; and TIMBERS, Senior Circuit Judge.*
 
 
 1
 This matter is before the Court upon consideration of plaintiff's motion for appointment of counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examining plaintiff's motion and brief as well as the record, we unanimously agree that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a prisoner at Northpoint Training Center in Burgin, Kentucky, appeals pro se from a January 4, 1985 district court order granting summary judgment to defendants in an action under 42 U.S.C. Sec. 1983. Prisoner complains that his rights were violated by the denial of proper medical treatment at the hands of prison officials. In an action under 42 U.S.C. Sec. 1983, a prisoner must show deliberate indifference by prison officials to the prisoner's serious illness or injury. Estelle v. Gamble, 429 U.S. 97 (1976). A review of the record indicates that plaintiff received a fracture of the hand on April 5, 1984. He was treated by the prison physician on April 16, 1984 and was referred to an outside orthopedic specialist for x-rays. After the x-rays on April 10, 1984 and diagnosis of the fracture by the prison physician, plaintiff was referred again to the specialist who applied a splint to the hand on April 13, 1984. We conclude that, while the delay in treatment may have been regrettable and the attitude of medical personnel was less than desirable, plaintiff's claim simply does not rise to the level of a constitutional deprivation.
 
 
 3
 It is ORDERED that the motion for appointment of counsel is denied and the district court judgment affirmed. Rule 9(d)3, Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation